**FILED**

**October 1, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Tyler S. Munson,
Petitioner Below, Petitioner

vs.) No. 20-0544 (Berkeley County 18-C-358)

Shelby Searls, Superintendent,
Huttonsville Correctional Center,
Respondent Below, Respondent

**MEMORANDUM DECISION**

Petitioner Tyler S. Munson, by counsel Matthew T. Yanni, appeals the July 1, 2020, order of the Circuit Court of Berkeley County denying his petition for a writ of habeas corpus. The State of West Virginia, by counsel Patrick Morrisey and Holly M. Flanigan, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2012, petitioner was indicted on multiple felony counts related to his unlawful entry of a coin store and the robbery and assault of the seventy-six-year-old owner who was inside at the time. In September of 2012, a jury convicted petitioner of burglary, first-degree robbery, conspiracy to commit robbery, and assault during the commission of a felony. The circuit court sentenced petitioner in November of 2012 to forty-four years in the penitentiary for his conviction of first-degree robbery; not less than one nor more than five years in the penitentiary for his conviction of conspiracy to commit robbery; not less than one nor more than fifteen years in the penitentiary for his conviction of burglary; and not less than two nor more than ten years in the penitentiary for the offense of assault in the commission of a felony. The circuit court ordered petitioner to serve these sentences consecutively. Petitioner was resentenced for the purpose of

1

appeal in 2015, and this Court affirmed his conviction. *See State v. Munson*, No. 15-0585, 2016 WL 3141579 (W. Va. June 3, 2016)(memorandum decision).

In October of 2018, petitioner filed a petition for a writ of habeas corpus. The circuit court appointed counsel for petitioner and directed counsel to file an amended petition and a *Losh*[1] list. The amended petition and *Losh* list were filed in November of 2019. In the amended petition, petitioner asserted nine grounds for habeas relief: (1) prejudicial pre-trial publicity; (2) consecutive sentences for the same transaction; (3) severer sentence than expected; (4) excessive sentence; (5) information in pre-sentence report was erroneous; (6) ineffective assistance of counsel; (7) use of informers to convict; (8) constitutional errors in evidentiary rulings; and (9) sufficiency of evidence.

The circuit court considered the petition and "[a]fter a full review of the [p]etition and [p]etitioner's case history," the court found that the present record was sufficiently developed to rule on the merits of petitioner's grounds for relief. The court noted that while petitioner's grounds "lack[ed] detailed factual support, and therefore could be dismissed pursuant to *Losh v. McKenzie*," it nevertheless endeavored to address each ground on the merits.

Relevant to petitioner's appeal, the circuit court jointly addressed his claims that the information in the pre-sentence report was erroneous and that he received ineffective assistance of trial counsel as counsel failed to rebut the presentence investigation report, which (in petitioner's view) characterized him as "a criminal with little hope for rehabilitation." The court found that petitioner "provide[d] no specific details as to how the [pre-sentence investigation report] was inaccurate or contained flawed information." Further, the court found that "it is clear from a review of the transcripts from [petitioner's] sentencing hearing that [trial counsel] did indeed argue several points in favor of [petitioner]." Trial counsel highlighted that petitioner was still young and had a troubled youth; informed the court of petitioner's drug addiction, which began at an early age; and advised the court that petitioner had no past criminal conduct that involved violence to a person. Accordingly, the circuit court found that counsel's conduct at the sentencing hearing "clearly refutes . . . [p]etitioner's assertions" that he failed to review or attempt to rebut the pre-sentence investigation report. Therefore, the circuit court concluded that counsel's performance was not deficient under an objective standard of reasonableness.

The circuit court also addressed petitioner's assertion that his trial counsel was ineffective because he failed to promptly perfect his direct appeal. The court noted that petitioner filed a direct appeal and had failed to "assert any specific facts that would demonstrate how he was injured by [trial counsel's] alleged failure to perfect an appeal" at an earlier date. Accordingly, the circuit court denied petitioner relief on these grounds, as well as the other seven grounds raised in the amended petition, by its July 1, 2020, order. Petitioner now appeals this order.

---

[1]*See Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1986).

Petitioner's sole assignment of error on appeal is that the circuit court erred in ruling on his petition without first holding an omnibus hearing. Petitioner vaguely asserts, without any explanation or support, that the lack of factual detail in the amended petition was a direct result of trial counsel's failure to provide a copy of the case file and "trial counsel's supposed lack of memory regarding the case." He further argues that the circuit court erred in denying claims of ineffective assistance of counsel without an omnibus hearing because a record had not been made of trial counsel's reasoning for his actions. Finally, petitioner avers that he "believes it would be more efficient to give petitioners an omnibus hearing and to create a record to properly adjudicate the issues raised," rather than circuit courts dismissing habeas petitions without a hearing. We find no merit to petitioner's argument on appeal.

This Court reviews a circuit court order denying a habeas petition under the following standards:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).
>
> . . . .
>
> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

Syl. Pts. 1 & 3, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). "It is evident from a reading of W.Va. Code § 53–4A–7(a) that a petitioner for habeas corpus relief is not entitled, as a matter of right, to a full evidentiary hearing in every proceeding instituted under the provisions of the post-conviction habeas corpus act." *Gibson v. Dale*, 173 W. Va. 681, 688, 319 S.E.2d 806, 812–13 (1984). "A hearing is required only '[i]f it appears to the court . . . that there is probable cause to believe that the petitioner may be entitled to some relief and that the contention or contentions and grounds (in fact or law) advanced have not been previously and finally adjudicated or waived.'" *Id*. (quoting W. Va. Code § 53-4A-7(a)).

Petitioner fails to prove on appeal that the circuit court abused its discretion in denying his petition without first holding an omnibus hearing. As the circuit court noted, the grounds for relief in petitioner's amended petition "lack[ed] detailed factual support." Nevertheless, the circuit court engaged in a thorough review of petitioner's claims based on the record and determined that additional factual development was unnecessary. Petitioner does not challenge this finding on

appeal. Rather, petitioner's main challenge on appeal is that trial counsel's failure to provide the case file limited his ability to factually support the petition and, therefore, he should have been provided an omnibus hearing. Other than this assertion, petitioner fails to describe the measures he undertook to obtain the file, or explain what information he was unable to obtain. Notably, on appeal, petitioner has provided numerous documents, such as the trial and sentencing transcripts, directly related to the grounds that he raised. Yet, other than using these documents to present a detailed account of the trial proceedings below, petitioner has failed to utilize them in support of his habeas petition.

Petitioner attempts to invoke *Markley v. Coleman*, 215 W. Va. 729, 601 S.E.2d 49 (2004), for the proposition that a circuit court "will hold an omnibus hearing" upon the filing of a petition. However, in *Markley*, we acknowledged the circuit court's discretion to deny a petition without holding an omnibus hearing when the court was satisfied that the petitioner was entitled to no relief based upon the petition and the record presented, as set forth in Syllabus Point one of *Perdue*, stated above. *Id*. at 733, 601 S.E.2d at 53. *Markley* does not stand for the idea that an omnibus hearing is required, as petitioner asserts on appeal.

Petitioner also relies on *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), wherein this Court was presented with an ineffective assistance of counsel argument on direct appeal based on trial counsel's "unusual" decision to develop self-defense evidence at trial and then fail to request self-defense jury instructions. *Id*. at 15, 459 S.E.2d at 126. We declined to consider the assignment of error in *Miller* on direct appeal due to the lack of an adequate record as to counsel's decision. *Id*. at 17, 459 S.E.2d at 128 ("It is apparent that we intelligently cannot determine the merits of this ineffective assistance claim without an adequate record giving trial counsel the courtesy of being able to explain his trial actions."). However, in petitioner's case, the circuit court analyzed trial counsel's actions at the sentencing hearing and, applying the ineffective assistance of counsel two-pronged test of *Miller*[2], found that trial counsel was not deficient under an objective standard of reasonableness. Unlike the trial counsel in *Miller*, there were no "unusual" actions on the part of petitioner's trial counsel. The circuit court found that "it is clear from a review of the transcripts from [petitioner's] sentencing hearing that [trial counsel] did indeed argue several points in favor of [petitioner]." Again, petitioner does not challenge the circuit court's findings below. He simply argues that the circuit court was obliged to hold an omnibus hearing, at least upon his claims of ineffective assistance of trial counsel. Yet, as stated above, the circuit court may deny a petition

---

[2]In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

without a hearing if it is satisfied that petitioner is entitled to no relief. Ultimately, upon our review, we find no abuse of discretion in the circuit court's denial of petitioner's amended petition.

For the foregoing reasons, we find no error in the circuit court's July 1, 2020, order.

Affirmed.

**ISSUED**: October 1, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton